B1 (Official Form 1) (04/13)

**UNITED STATES BANKRUPTCY COURT**
**District of the Virgin Islands**

**VOLUNTARY PETITION**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>Hovensa L.L.C. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all):<br>98-0191354 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>1 Estate Hope, Christiansted, VI<br>ZIP CODE 00820 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Saint Croix | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check **one** box.)
- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other: Energy

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box.)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☒ Debts are primarily business debts.

**Filing Fee** (Check one box.)
- ☒ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

-------------------------
Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

**Estimated Liabilities**
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): | | |
|---|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | | |
| Location Where Filed: N/A | Case Number: N/A | | Date Filed: N/A |
| Location Where Filed: | Case Number: | | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | | |
| Name of Debtor: | Case Number: | | Date Filed: |
| District: | Relationship: | | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No. (See attached Exhibit C).

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

**Voluntary Petition**
*(This page must be completed and filed in every case.)*

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X  /s/ Richard H. Dollison
Signature of Attorney for Debtor(s)
Richard H. Dollison
Printed Name of Attorney for Debtor(s)
Law Offices of Richard H. Dollison, PC
Firm Name

48 Dronningens Gade, Suite 2C, St. Thomas, VI 00804
Address
(340) 774-7044
Telephone Number
September 15, 2015
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual
Sloan Schoyer
Printed Name of Authorized Individual
Authorized Signatory
Title of Authorized Individual
September 15, 2015
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**United States Bankruptcy Court**
**District of the Virgin Islands**

IN RE:                                                                                     Case No. 15-_____

**HOVENSA L.L.C.**                                                                Chapter 11 _____

Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government, contract, etc.) | (4) Indicate if claim is contingent, unliquidated, subject to setoff | (5) Amount of claim (if secured also state security) |
|---|---|---|---|---|
| VWNA CARIBBEAN, LLC<br>1131 KING STREET<br>CHRISTIANSTED, VI 00820-4971<br>UNITED STATES | JEFF LEVY<br>PHONE: 340-692-3126<br><br>TODD H. NEWMAN, ESQ.<br>PHONE: 340-773-3200<br>EMAIL: TNEWMAN@NNLDLAW.COM | Trade Debt | Contingent | $1,225,000.00 |
| GEOGAS TRADING SA<br>28 BOULEVARD PONT D'ARVE<br>GENEVA, 1205<br>SWITZERLAND | JACQUES BOUDET<br>PRESIDENT<br><br>PHONE: 41 22 809 19 19<br>FAX: 41 22 809 19 99 | Trade Debt | Contingent | $840,000.00 |
| PINNACLE SERVICES L.L.C.<br>6002 DIAMOND RUBY - STE 3-125<br>CHRISTIANSTED, VI 00820<br>UNITED STATES | STEWART LEWIS<br>EXECUTIVE MANAGER/OWNER<br><br>PHONE: 340-692-3500<br>FAX: 340-778-8922 | Trade Debt | Contingent | $501,600.00 |
| GROUNDWATER & ENVIRONMENTAL<br>440 CREAMERY WAY, SUITE 500<br>EXTON, PA 19341-2577<br>UNITED STATES | TONY KULL<br>CHIEF EXECUTIVE OFFICER<br><br>PHONE: 340-692-3500<br>FAX: 340-778-8922 | Trade Debt | Contingent | $336,847.00 |
| AON RISK SERVICES COMPANIES, INC.<br>200 E RANDOLPH ST, 14TH FLOOR<br>CHICAGO, IL 60601<br>UNITED STATES | GREGORY C. CASE<br>PRESIDENT AND CEO<br><br>PHONE: 312-381-1000<br>FAX: 312-381-0252 | Trade Debt | | $191,198.44 |
| AON RISK SERVICES, INC. OF NEW YORK<br>199 WATER STREET<br>NEW YORK, NY 10038<br>UNITED STATES | DAVID POWELL<br>SENIOR MANAGING DIRECTOR<br><br>PHONE: 212-441-1000<br>FAX: 212-441-1949 | Trade Debt | | $135,873.20 |
| SEVEN SEAS WATER CORP.<br>14400 CARLSON CIRCLE<br>TAMPA, FL 33626<br>UNITED STATES | DOUG BROWN<br>PRESIDENT AND CEO<br><br>PHONE: 813-855-8636 | Trade Debt | | $131,547.54 |
| CHRISTIANSTED EQUIPMENT, LTD<br>P.O. BOX 1567<br>CHRISTIANSTED, VI 00851-1567<br>UNITED STATES | DANIEL MCKENNA<br>CHIEF EXECUTIVE OFFICER<br><br>PHONE: 340-692-7264<br>FAX: 340-692-3188 | Trade Debt | Contingent | $120,000.00 |
| I-TECH<br>PO BOX 1437<br>KINGSHILL, ST. CROIX, VI 00851<br>UNITED STATES | BRAD SERRES<br>PRESIDENT | Trade Debt | Contingent | $96,000.00 |

| Creditor | Contact | Nature of Claim | Status | Amount |
|---|---|---|---|---|
| MARINE SERVICES TUG & TANKERS, LTD<br>P.O. BOX 6992<br>SUNNY ISLES<br>ST. CROIX, VI 00823<br>UNITED STATES | MANAGER | Trade Debt | Contingent | $93,391.00 |
| MORGAN LEWIS & BOCKIUS LLP<br>1111 PENNSYLVANIA AVE. NW<br>WASHINGTON, DC 20004-2541 | JAMES D. BRIDGEMAN<br>PARTNER<br><br>PHONE: 202-739-3000<br>FAX: 202-739-3001 | Legal Services | | $61,703.44 |
| NATIONAL RESPONSE CORPORATION<br>3500 SUNRISE HIGHWAY<br>SUITE 200, BUILDING 200<br>GREAT RIVER, NY 11739<br>UNITED STATES | PAUL TAVEIRA<br>PRESIDENT AND CEO<br><br>PHONE: 631-224-9141<br>FAX: 631-224-9082 | Trade Debt | Unliquidated | Undetermined |
| PENSION BENEFIT GUARANTY CORPORATION<br>1200 K STREET, NW<br>WASHINGTON, DC 20005-4026<br>UNITED STATES | ALICE MARONI<br>DIRECTOR<br><br>PHONE: 800-400-7242<br>FAX: 202-326-4047 | Pension Plan | Contingent,<br>Unliquidated | Undetermined |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, REGION 2<br>290 BROADWAY<br>NEW YORK, NY 10007-1866<br>UNITED STATES | GINA MCCARTHY<br>ADMINISTRATOR<br><br>PHONE: 212-637-3000<br>FAX: 212-637-3526 | Environmental Obligations | Contingent,<br>Unliquidated | Undetermined |
| UNITED STEELWORKERS AFL/CIO-CLC ON BEHALF OF LOCAL UNION 8526<br>FIVE GATEWAY CENTER<br>PITTSBURGH, PA 15222<br>UNITED STATES | LEO W. GERARD<br>INTERNATIONAL PRESIDENT<br><br>PHONE: 412-562-2400<br>FAX: 412-562-2445 | Union Obligations | Contingent,<br>Unliquidated | Undetermined |
| UNITED INDUSTRIAL WORKERS OF THE SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA AFL/CIO<br>5201 AUTH WAY<br>CAMP SPRINGS, MD 20746<br>UNITED STATES | MICHAEL SACCO<br>PRESIDENT<br><br>PHONE: 301-899-0675<br>FAX: 301-899-7355 | Union Obligations | Contingent,<br>Unliquidated | Undetermined |
| GOVERNMENT OF THE VIRGIN ISLANDS<br>1105 KING STREET<br>CHRISTIANSTED, VI 00820<br>UNITED STATES | CLAUDE WALKER,<br>ACTING ATTORNEY GENERAL<br><br>PHONE: 340-773-1404<br>FAX: 340-713-9806 | Litigation<br>Mortgage<br>Environmental<br>Fines | Contingent,<br>Unliquidated,<br>Disputed | Undetermined |
| COMMONWEALTH OF PUERTO RICO AND COMMONWEALTH OF PUERTO RICO THROUGH THE ENVIRONMENTAL QUALITY BOARD (MTBE) | PONCE DE LEON AVENUE<br>431 NATIONAL PLAZA BUILDING<br>12TH FLOOR<br>HATO REY, PR 00917<br>PHONE: 787-767-8056<br>FAX: 787-767-8122 | Litigation | Contingent,<br>Unliquidated,<br>Disputed | Undetermined |
| FRANCISCA ALMESTICA AND AVILIO NAVARRO JR., PRICILA N. RAMOS, GABRIEL RAMOS, RAMONA CABA, GABRIELITO RAMOS, ET. AL. v. HOVENSA, LLC | LEE J. ROHN, ESQ.<br>1101 KING STREET<br>CHRISTIANSTED, VI 00820<br>PHONE: 340-778-8855<br>FAX: 340-773-2954 | Litigation | Contingent,<br>Unliquidated,<br>Disputed | Undetermined |
| CRUZ, ELVIRA, ET. AL. v. HOVENSA, LLC | COLIANNI & COLIANNI<br>VINCENT COLIANNI<br>1138 KING STREET<br>CHRISTIANSTED, VI 00820<br>PHONE: 340-719-1766<br>FAX: 340-719-1770 | Litigation | Contingent,<br>Unliquidated,<br>Disputed | Undetermined |

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, Sloan Schoyer, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date: SEPTEMBER 15, 2015      Signature: _____

Sloan Schoyer, Authorized Signatory

(Print Name and Title)

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
BANKRUPTCY DIVISION
ST. CROIX, VIRGIN ISLANDS

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| HOVENSA L.L.C., | ) |
| | ) Bankruptcy No. 15-_____ (MFW) |
| Debtor. | ) |
| | ) |

## EXHIBIT C TO VOLUNTARY PETITION

1.  **Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary).**

   The above-captioned debtor (the "Debtor") does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

   On January 26, 2011, the Debtor entered into a consent decree (the "Consent Decree") with the United States Environmental Protection Agency and the government of the Virgin Islands. In addition to the obligations contained in the Consent Decree, the Debtor is currently engaged in remediation efforts at certain real property owned or possess by the Debtor. The Debtor does not believe that this real property poses a "threat of imminent and identifiable harm to the public health or safety."

2.  **With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary).**

   The Debtor is not aware of any dangerous conditions existing on or related to any real or personal property owned or possessed by the Debtor that pose or are alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
BANKRUPTCY DIVISION
ST. CROIX, VIRGIN ISLANDS

In re:  )
)
HOVENSA L.L.C.,  ) Chapter 11
)
) Bankruptcy No. 15-_____ (MFW)
Debtor.  )
)

## CORPORATE OWNERSHIP STATEMENT

In accordance with Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure, HOVENSA L.L.C. (the "Debtor") hereby states that the following corporations directly or indirectly own 10% or more of the Debtor's equity interests:

| Shareholder | Percentage of Shares Held |
|---|---|
| Hess Oil Virgin Islands Corp. | 50% |
| PDVSA V.I., Inc. | 50% |

I, Sloan Schoyer, declare under penalty of perjury that I have read the foregoing and that it is true and correct to the best of my information and belief, and will be supplemented to the extent additional information becomes available.

Dated: September 15, 2015

Name: Sloan Schoyer
Title: Authorized Signatory

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
BANKRUPTCY DIVISION
ST. CROIX, VIRGIN ISLANDS

| In re: | ) |
|---|---|
| | ) |
| | ) Chapter 11 |
| HOVENSA L.L.C., | ) |
| | ) Bankruptcy No. 15-_____ (MFW) |
| Debtor. | ) |
| | ) |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, HOVENSA L.L.C. (the "Debtor") submits the following list of the Debtor's equity security holders:

| Entity Name and Address | Percent Ownership |
|---|---|
| Hess Oil Virgin Islands Corp.<br>Kingshill<br>P.O. Box 127<br>St. Croix, U.S. Virgin Islands 00851-0127 | 50% |
| PDVSA V.I., Inc.<br>1A Frederisberg Gade<br>St. Thomas, U.S. Virgin Islands 00802 | 50% |

I, Sloan Schoyer, declare under penalty of perjury that I have read the foregoing and that it is true and correct to the best of my information and belief, and will be supplemented to the extent additional information becomes available.

Dated: September 15, 2015

_____
Name: Sloan Schoyer
Title: Authorized Signatory

# RESOLUTIONS ADOPTED BY THE EXECUTIVE
# COMMITTEE OF HOVENSA L.L.C.

The members of the executive committee (the "Executive Committee") of HOVENSA L.L.C., a U.S. Virgin Islands limited liability company ("HOVENSA"), including the independent member of the Executive Committee, do hereby consent, pursuant to Section 6.4(c) of the Amended and Restated Limited Liability Company Agreement of HOVENSA dated as of October 30, 1998 (as amended from time to time, the "LLC Agreement"), to the adoption of the following resolutions and hereby waive notice of meeting and the holding of any meeting with respect to the matters set forth below. A capitalized term that is used herein and not defined herein shall have the meaning assigned to such term in the LLC Agreement.

**WHEREAS**, the Executive Committee has extensively discussed and analyzed, in consultation with HOVENSA's management and financial and legal advisors, the strategic alternatives available to HOVENSA, and has determined that seeking relief under the provisions of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") by HOVENSA presents the best opportunity for preserving and maximizing the value of the enterprise for the benefit of HOVENSA, its creditors, stakeholders, and other interested parties; and

**WHEREAS**, after consideration of all factors and information the Executive Committee deemed relevant, the Executive Committee finds that it is desirable for, fair to, and in the best interests of HOVENSA, its creditors, stakeholders, and other parties in interest, that HOVENSA file a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and in connection therewith pursue the sale of certain or all of the assets of HOVENSA pursuant to Bankruptcy Code sections 105, 363, and 365 (a "Section 363 Sale"); and

**WHEREAS**, the Executive Committee has been presented with an Asset Purchase Agreement (together with all exhibits, schedules and other attachments thereto or incorporated therein by reference, the "APA"), by and among HOVENSA, Hess Oil Virgin Islands Corp. ("HOVIC") and Limetree Bay Holdings, LLC (the "Stalking Horse Bidder"), pursuant to which HOVENSA will sell certain of its assets to the Stalking Horse Bidder and the Stalking Horse Bidder will assume certain of HOVENSA's liabilities on the terms and conditions set forth in the APA, subject to the receipt of higher and better offers through a court-supervised auction process pursuant to section 363 of the Bankruptcy Code; and

**WHEREAS**, the Independent Representative (it being noted that the other representatives of the Executive Committee recused themselves from considering this matter in order to avoid the appearance of any impropriety) has been presented with a proposed Debtor-in-Possession and Security Agreement, dated as of September 15, 2015 (the "DIP Loan Agreement" and, together with each other document, instrument, or agreement executed by HOVENSA in connection therewith the "DIP Loan Documents"), by and among HOVENSA, as debtor and debtor-in-possession in the Chapter 11 Case, and HOVIC and PDVSA V.I., Inc., as lenders (the "DIP Lenders"); and

**WHEREAS**, the Independent Representative has determined that HOVENSA and its creditors, stakeholders, and other interested parties will benefit from the loans being made under the DIP Loan Documents and that it is in the best interest of HOVENSA and its creditors,

stakeholders, and other interested parties to grant a lien and super-priority claim in favor of the DIP Lenders on the terms and conditions set forth in the DIP Loan Documents; and

**WHEREAS**, the Executive Committee has determined that the appointment of Thomas E. Hill as Chief Restructuring Officer (the "CRO") of HOVENSA pursuant to that certain engagement letter with Alvarez & Marsal North America, LLC ("A&M") presented to the Executive Committee (the "Engagement Letter") is necessary and appropriate to enhance HOVENSA's efforts to maximize the value of the enterprise for the benefit of HOVENSA, its creditors, stakeholders, and other interested parties;

## COMMENCEMENT OF CHAPTER 11 CASE

**NOW THEREFORE, BE IT RESOLVED,** that HOVENSA is authorized and directed to file a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code in the United States District Court of the Virgin Islands, Bankruptcy Division (the "Bankruptcy Court"); and it is further

**RESOLVED**, that the Authorized Persons of HOVENSA (it being understood that, for the purposes of these resolutions, the "Authorized Persons" of HOVENSA shall include Thomas E. Hill, Sloan Schoyer, Jesús Malpica, Brian Lever, and Franklin Quow), acting alone or with one or more other Authorized Persons, are hereby authorized, empowered, and directed, in the name and on behalf of HOVENSA, to execute and verify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person executing such petition on behalf of HOVENSA shall determine; and it is further

**RESOLVED**, that any Authorized Person is, based on the advice of counsel, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and, based on the advice of counsel, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, proper, or desirable in connection with HOVENSA's Chapter 11 Case, with a view to the successful prosecution of such case; and it is further

## ASSET PURCHASE AGREEMENT

**RESOLVED,** that the terms, and provisions of the APA, in substantially the form of the draft submitted to the Executive Committee, and any other agreement, instrument, document, or certificate required to effect the purposes of the APA, with such changes, additions, or deletions as the Authorized Person executing the same may approve, is in all respects approved, and any Authorized Person is authorized, empowered, and directed to enter into, execute, and deliver the APA with the Stalking Horse Bidder on behalf of HOVENSA, subject to HOVENSA receiving higher or better offers through a court-supervised auction process pursuant to section 363 of the Bankruptcy Code; and it is further

**RESOLVED,** that any Authorized Person is authorized, empowered, and directed to execute and file on behalf of HOVENSA all schedules, lists, and other motions, papers, or documents, and any other agreements or amendments related thereto or required thereby in

ny-1203521

respect of the Section 363 Sale, and to take any and all action that they deem necessary or advisable to effect the Section 363 Sale, the execution thereof to be conclusive evidence of such approval and determination; and it is further

**RESOLVED**, that the APA, and any and all documents referred to therein, submitted to this Executive Committee, shall be filed by the Secretary or Authorized Person of HOVENSA among the records of HOVENSA; and it is further

**DEBTOR-IN-POSSESSION FINANCING**

**RESOLVED**, that the terms and provisions of the DIP Loan Documents, in substantially the form submitted solely to the Independent Representative (it being noted that the other representatives of the Executive Committee recused themselves from considering this matter in order to avoid the appearance of impropriety) be, and the same are hereby approved, in all respects, and any Authorized Person is authorized, empowered, and directed, in the name of and on behalf of HOVENSA, to execute and deliver each of the DIP Loan Documents to which HOVENSA is a party, each in the form or substantially in the form thereof, submitted to the Independent Representative, with such changes, additions, and modifications thereto as the Authorized Person executing the same shall approve, the execution thereof to be conclusive evidence of such approval; and it is further

**RESOLVED**, that any Authorized Person is authorized to negotiate, execute, and deliver, for and on behalf of HOVENSA, any addendum to, amendment of, or other renewal or extension of the DIP Loan Agreement, or any other DIP Loan Documents at any time after the execution thereof, such addendum, amendment, renewal, replacements, consolidations, substitutions, or extensions thereto as the Authorized Person executing the same shall approve, the execution thereof to be conclusive evidence of such approval; and it is further

**RESOLVED**, that any Authorized Person is authorized to pay any and all costs, expenses, and fees, do and perform all acts, and execute and deliver any further instrument, certificate, or document in the name and on behalf of HOVENSA in connection with the DIP Loan Documents, as such Authorized Person deems necessary or appropriate to carry out the purposes and intent of these resolutions, the execution thereof to be conclusive evidence of such determination; and it is further

**RESOLVED**, that the DIP Loan Agreement, together with its schedules and exhibits, and any and all other DIP Loan Documents referred to therein, submitted to the Independent Representative shall be filed by the Secretary or an Authorized Person of HOVENSA among the records of HOVENSA; and it is further

**RETENTION OF PROFESSIONALS AND PAYMENT OF FEES AND EXPENSES**

**RESOLVED**, that the law firm of Morrison & Foerster LLP ("Morrison & Foerster") is employed as bankruptcy counsel to HOVENSA under a general retainer in the Chapter 11 Case, subject to the approval of the Bankruptcy Court; and in connection therewith, any Authorized Person is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11

ny-1203521

Case, and cause to be filed an appropriate application for authority to retain the services of Morrison & Foerster; and it is further

**RESOLVED**, that the Law Offices of Richard H. Dollison is employed as local bankruptcy counsel to HOVENSA under a general retainer in the Chapter 11 Case, subject to approval of the Bankruptcy Court; and in connection therewith, any Authorized Person is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of the Law Offices of Richard H. Dollison; and it is further

**RESOLVED**, that the law firm of White & Case LLP ("White & Case") is employed as special mergers and acquisition counsel to HOVENSA under a general retainer in the Chapter 11 Case, subject to the approval of the Bankruptcy Court; and in connection therewith, any Authorized Person is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of White & Case; and it is further

**RESOLVED**, that the firm of Lazard Fréres & Co. ("Lazard") is employed to provide investment banking services to HOVENSA in the Chapter 11 Case, subject to the approval of the Bankruptcy Court; and in connection therewith, any Authorized Person is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of the Lazard; and it is further

**RESOLVED**, that the firm of Prime Clerk is employed as claims and noticing agent for HOVENSA in the Chapter 11 Case, subject to the approval of the Bankruptcy Court; and in connection therewith, any Authorized Person is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Prime Clerk; and it is further

**RESOLVED**, that any Authorized Person is authorized, empowered, and directed to, on behalf of, and in the name of HOVENSA, incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusive evidence of the due authorization and approval thereof by the Executive Committee; and it is further

**RESOLVED**, that Thomas E. Hill shall be appointed as the CRO of HOVENSA and A&M may make additional personnel available to support the CRO, subject to the terms of the Engagement Letter and approval of the Bankruptcy Court; and in connection therewith, any Authorized Person is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain Mr. Hill as CRO; and it is further

ny-1203521

**RESOLVED**, that the Engagement Letter and all of its terms and conditions (including but not limited to the indemnification and limitation on liability terms thereof) are approved and consented to by the Executive Committee, and any Authorized Person is hereby authorized, empowered, and directed to execute the Engagement Letter

**GENERAL AUTHORIZATION AND RATIFICATION**

**RESOLVED**, that the authority given in these resolutions is retroactive and any and all acts authorized herein performed before the passage of these resolutions are ratified and affirmed; and

**RESOLVED**, that any person dealing with any Authorized Person or Authorized Persons in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person and by his or her execution of any document or agreement, the same shall be a valid and binding obligation of HOVENSA enforceable in accordance with its terms.

ny-1203521