US DISTRICT COURT – BANKRUPTCY DIVISION
DISTRICT OF THE VIRGIN ISLANDS
BANKRUPTCY DIVISION
ST. CROIX

IN RE:                          :    CHAPTER 11
                                :
HOVENSA L.L.C.,                 :    Case No. 1:15-bk-10003-MFW
                                :
         Debtor.                :    Rel. Doc. No. 1061

MEMORANDUM OPINION[1]

The issue before the Court is whether the Claims Procedures Order entered by the Court on March 20, 2018, authorizes retired Judge Henry Smock to consider evidence of the relative liability of the Debtor to the Class 4 Tort Claimants who elect to have their claims valued by him. For the reasons stated below, the Court concludes that Judge Smock should consider all evidence related to those claims, including the Debtor's relative liability.

A.    BACKGROUND

Hovensa L.L.C. (the "Debtor") was an oil refining company doing business on St. Croix. On September 15, 2015, it filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. (D.I. 1.) On January 20, 2016, the Court entered an Order

---

[1]    This Memorandum Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, which is made applicable to contested matters by Rule 9014 of the Federal Rules of Bankruptcy Procedure.

confirming the Debtor's Second Amended Plan of Liquidation (the
"Plan"). (D.I. 572.) Under the Plan, creditors asserting tort
claims against the Debtor were placed in Class 4. (D.I. 563 at
Art. III § B4.) A liquidating trustee (the "Liquidating
Trustee") was appointed to liquidate the Debtor's remaining
assets, reconcile the claims, and make distributions pursuant to
the Plan. (Id. at Art. VII.)

Subsequently, as contemplated by the Plan, the Liquidating
Trustee in consultation with counsel for many of the Class 4 Tort
Claimants proposed a process for valuing and making distributions
to the claimants in that class. (Id. at Art. IX.A.5.) After
consideration of the motion and revisions proposed to the
process, the Court entered an order on March 20, 2018 (the
"Claims Procedures Order") approving that procedure. (D.I.
1042.)

Pursuant to the Claims Procedures Order, Class 4 Claimants
were given two options. Under Option 1, claimants agreed to have
their claims against the estate valued by Judge Smock. The
Liquidating Trustee and the Claimants could submit relevant
information in addition to that included with their proofs of
claim to Judge Smock. (Id. at ¶14.) Judge Smock could also
request additional information from anyone but no evidentiary
hearing would be held. (Id.) Judge Smock's valuation of claims
would be a final determination of the claimants' entitlement to a

distribution from the estate.  (Id. at ¶s 15 & 23.)  Option 1
Claimants agreed to dismiss any actions they had pending against
the Debtor and waive any right they might have to collect under
the Debtor's insurance but would retain the right to pursue any
other parties who might be responsible for their claims.  (Id. at
¶s 18 & 29.)

Option 2 granted immediate relief from the stay and the Plan
injunctions to Claimants who were then free to pursue the
Debtor's insurance carrier and any other parties who might be
responsible for their claims.  (Id. at ¶s 30-31.)  Option 2
Claimants, however, waived any claims and rights to a
distribution they may have against the estate.  (Id. at ¶ 32.)

The Claims Procedures Order set May 31, 2018, as the
deadline by which Class 4 Tort Claimants had to return the
required election form and related documents.  (Id. at ¶ 6.)  In
the absence of an Option 1 election, claimants would be relegated
to Option 2.  (Id. at ¶ 8.)

On May 25, 2018, certain Class 4 Tort Claimants represented
by Attorney Lee Rohn (the "Rohn Claimants") filed a motion for
enlargement of time to make the required election between Options
1 and 2.  (D.I. 1061.)  That motion was opposed by the
Liquidating Trustee and several other Class 4 Tort Claimants.
A hearing was held on the motion on June 14, 2018.  After hearing
argument, the Court granted the extension request.  During

argument, however, a dispute arose which the parties asked the Court to decide, namely whether Judge Smock in valuing the Option 1 claims could consider evidence related to the Debtor's relative culpability for the claimants' injuries vis a vis other joint tortfeasors.  The Rohn Claimants asserted that Judge Smock may not do so, while the Liquidating Trustee, AIG, and several other Tort 4 Claimants contended that he may.  The Court asked the parties to brief the issue by June 21 so that a ruling could be issued promptly.  Briefs were timely filed and the matter is ripe for decision.

B.   JURISDICTION

The Court has jurisdiction to decide the issue, which involves an interpretation of the Claims Procedure Order issued it on March 20, 2018.  See, e.g., Travelers Indem. Co. v. Bailey, 557 U.S. 137, 153 (2009) (holding that "the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders.").

C.   DISCUSSION

The Rohn Claimants assert that Judge Smock may not consider the comparative negligence of the Debtor versus other responsible parties because under Virgin Islands law only the jury can allocate responsibility among joint tortfeasors.  See, e.g., 5

4

V.I.C. § 1451(a) & (d) (stating that "in any action based upon
negligence to recover for injury to person or property . . ."
"the trier of fact shall apportion . . . the amount awarded
against each defendant."); Machado v. Yacht Haven U.S.V.I., LLC,
No. S.Ct.Civ. 2012-0137, 2014 WL 5282116, at *5 (V.I. Oct. 16,
2014) (noting that comparative negligence must be allocated by
the jury); Willie v. Amerada Hess Corp., No. SX-06-CV-202, 2017
WL 772808, at *13 (V.I. Super. Feb. 28, 2017) ("contribution
among joint tortfeasors is to be determined by the trier of
fact."). Therefore, the Rohn Claimants assert that Judge Smock
must determine the full value of their Claims in the Option 1
process since the Debtor is jointly and severally liable for that
claim with the joint tortfeasors.

The other parties contend that Judge Smock is not being
asked to allocate responsibility among joint tortfeasors.
Instead, he is being tasked with valuing the claim of the Option
1 Claimants for purposes of determining what distribution they
should receive from the estate (while retaining their right to
pursue the other joint tortfeasors). They contend that the
valuation is a consensual process performed in a summary fashion
solely for purposes of distribution under the Second Amended Plan
of Liquidation. It is not binding on anyone other than the
Liquidating Trust and the Claimant and is not usurping any role
of a jury which may be asked to allocate comparative negligence

if the Claimant pursues the other joint tortfeasors.

The Court agrees with the Liquidating Trustee and the other claimants that under the Claims Procedures Order, Judge Smock is authorized and should consider the relative responsibility that the Debtor (vis a vis other tortfeasors) has with respect to the Option 1 claims being valued.  The claims resolution process approved by the Claims Procedures Order is a consensual process to liquidate the tort claims solely for the purpose of a distribution from the Liquidating Trust.  In that regard it is akin to the settlement of that claim.  When considering whether to settle claims for which others are jointly liable, parties typically do consider the comparative negligence for that claim. See, e.g., Gomes v. Broadhurst, 394 F.2d 465, 468 (3d Cir. 1967) (noting that a plaintiff "negotiates settlement largely on the basis of an estimated gross recovery and the negotiating tortfeasor's liability.").  As noted by the Third Circuit in Gomes, "[t]here is no longer a legitimate place in our system, if, indeed, there ever was, for a rule of law which places the full burden of restitution upon the one who is only in part responsible for a plaintiff's loss."  Id.  Thus, while the Debtor may be liable to the Rohn Claimants, it is certainly reasonable for Judge Smock to consider what portion of their Claims the Debtor should pay based on its level of culpability.  This is particularly so because that determination will not be after a

trial, but only as part of the consensual process for resolving
those claims that the Claims Procedures Order approved.

The Court finds that the Virgin Islands statute and cases
cited by the Rohn Claimants are inapplicable to this case.  The
statute applies only to procedures in a trial of negligence
claims, not to any settlement of such claims.  The cases cited
similarly did not deal with the settlement of a negligence claim,
and both simply cited the rule that a jury should allocate
comparative negligence in a <u>trial</u> on such a claim.  <u>Machado</u>, 2014
WL 5282116, at *5; <u>Willie</u>, 2017 WL 772808, at *13.  There is
nothing inconsistent between those authorities and the Claims
Procedures Order whereby the Claimants and the Liquidating Trust
have agreed to resolve their Claims by having Judge Smock
determine the amount of the Claims to be paid by the estate,
without the necessity for a trial.

Further, the Claims Procedure Order deals only with the
claim against the estate and has no effect on the liability of
any other joint tortfeasor.  If they elect Option 1, the Rohn
Claimants are free to pursue the other joint tortfeasors and the
jury is free to allocate responsibility for the injury as it sees
fit.  <u>Gomes</u>, 394 F.2d at 469 (holding that a settlement is not
admissible in a subsequent trial against co-defendants).

The Claims Procedure Order is also akin to the process of
estimating tort claims under the Bankruptcy Code.  <u>See, e.g., In</u>

re Garlock Sealing Techs., 504 B.R. 71, 94 (Bankr. W.D.N.C. 2014)
(reviewing cases and adopting, as a basis for estimation of
asbestos claims, the "legal liability" approach to estimation
that focused on the merits of claims to reach an aggregate damage
amount and then reduced that amount by other sources of
recovery).

D.   CONCLUSION

     For the foregoing reasons, the Court concludes that Judge
Smock may and should consider all relevant information about the
Option 1 claims, including the Debtor's relative responsibility
for those claims.

     An appropriate Order is attached.


Dated: June 26, 2018              BY THE COURT:

                                  _____
                                  Mary F. Walrath, Judge
                                  United States Bankruptcy Court


8